### RIPITOE v. HALL.

1. On complaint in the County Court against a guardian, after plea
   to the merits and verdict, and judgement against him, he cannot
   question the jurisdiction.
2. Guardian failing to return his account, though not summoned to
   account employing the slaves, &c. of his ward, in his own service,
   keeping his own stock on the lands, and feeding them on the corn
   of his ward, should be displaced.
3. After verdict and judgement against him, on his plea of not guilty
   to the whole complaint, he cannot object that matters were tried
   by the jury, which should have been determined by the Court.

DAVID RIPITOE, on the complaint of Dixon Hall, was
summoned to the County Court of Montgomery county,
to shew cause why his letters of guardianship on the es-
tate of Wesley D. Hall, should not be revoked. *Charges
and specifications* were made as follows :

1.  A general charge of mismanagement of the pro-
perty and illegal conduct as guardian.   First, In using
Wesley D. Hall's negroes in his own business, during the
year 1823, returning their hire to the Court at his own
valuation, instead of hiring them at public outcry, as re-
quired by law.   Second, The whole of his ward's negroes
and plantation in 1824, being so mismanaged as to yield
only $150 nett profits, or thereabouts.   Third, Selling
farming utensils, wagon, cotton gin and stock to Wesley
D. Hall, at a *higher* price.   Fourth, Raising his own
stock on his ward's farm, feeding them out of his corn
without measurement, and without returning the same to
the Court.   Fifth, Employing his ward's negroes in the
years 1824 and 1825 in many matters of his own, to the
great hindrance of the crop.   Sixth, Ginning his ward's
cotton with a bad gin, which he had sold to him.

2. Charge: Improper returns, or no returns at all, as to some of the property of his ward, and the use and employment thereof. First, Not shewing how he disposed of the boy George, in the year 1823. Second, Employing said boy George in his own business since 1823, and making no return of him as hired. Third, Indistinctness in many articles in his returns.

At May term, 1826, of the County Court, Ripitoe moved to strike out the first, second and third specifications under the first charge, and the whole of the second charge with the specifications. The motion being overruled, he claimed a trial by jury, and plead,

1. Not guilty to the whole complaint.

2. That he had not been cited to account.

3. That he had settled and made his returns, which had been allowed.

The informant, Dixon Hall, took issue on the first plea, and on his motion the second and third were set aside. The jury found Ripitoe guilty as charged. Judgement, that he be removed from his guardianship, and that the informant recover against him his costs. Ripitoe appealed to this Court. The assignments of error on which the decision turned, appear in the opinion of the majority of the Court, delivered by

## JUDGE CRENSHAW.

In this case, there are many assignments of error. That which was principally relied on is, that the jurisdiction of the Court does not appear from any part of the proceedings. By the 47th section of the act of 1803, [a] the Orphan's Court, whose powers by subsequent statute have been vested in the County Court, is authorized (for good and sufficient cause) to displace a guardian. The Court then had jurisdiction of the subject matter. It was contended that the record must shew that the ward was domiciliated in Montgomery county, and that Ripitoe was appointed guardian by the Court of that county. This seems to be more properly matter of evidence. After verdict the objection comes too late. It should have been made, or insisted on before the defendant plead to the merits. By pleading to the merits, he admitted that he was amenable to the jurisdiction of the tribunal, before which e was charged. All the pleas shew that he was before the proper tribunal, and by one of them, he has

[a] Laws Ala. 384.

averred that he has made his returns, and that his accounts were allowed. If I understand the meaning of language, this obviously implies that his accounts had been allowed by the Court of Montgomery county, in which the complaint whi h plea was intended to answer, was made. It also appears from the evidence which is made a part of the record, that Ripitoe had returned an inventory and had it recorded, though the order allowing it was not recorded. This shews at least, that he conceived himself to be answerable to that Court, and implies that the guardianship had been there granted, and the other extraneous circumstances necessary to give that Court jurisdiction. As the statute prescribes no particular mode of proceeding, nothing more is necessary to appear of record, than that the Court had jurisdiction of the subject matter of controversy; that the guardian had an opportunity of being heard, and has been removed for good and sufficient cause.

But it is also assigned, that no sufficient cause of removal appears. It was contended that the only legal cause of a removal of a guardian is, that after being summoned, he refuses or neglect to return an inventory, or to account annually. This is, indeed one cause of removal, but the statute says he may be displaced for any good and sufficient cause. That is, as I conceive, for such cause as would authorize a court of equity, or any court vested with authority, as to the custody of the person and estate of a minor, to remove his guardian. No court of equity would hesitate long to remove a guardian for the causes set forth in this complaint, the verdict of a jury having ascertained the complaint to be true.

It was farther objected, that matters were tried by the jury, which should have been determined by the Court. The trial by jury was claimed by the appellant; he plead not guilty to the whole matter, and cannot now be permitted to take advantage of his own wrong, and insist that this was error. All the other objections, I think, are equally unavailing. Indeed I view this proceeding as in the nature of a petition, or suit in equity, &c. where strict rules of pleading and technical forms are not observed; and the revising Court ought not to be astute in searching for objections in distinctions, which might perhaps be available in an action at law, but cannot be regarded in equity, unless the record shews that a material right, or

some principle of justice has been violated.  It is the <span>JANUARY 1827.</span>
opinion of the majority of the Court, that the judgement
be affirmed.                                    Ripitoe
                                                 v.
   GOLDTHWAITE, for appellant.                  Hall,

   THORINGTON, for appellee, cited Laws Ala. 196, sec. 6 ;
2 Scho. and Lef. 173, 192 ; Reeve's Dom. R. 127.