## KELLY v. SMITH.

1. Upon the application of a minor, who has arrived at the age of fourteen years, the orphans' court is authorized to appoint such guardian as the minor may elect, *without notice* to the guardian previously appointed.

Error to the Orphans' Court of Lowndes. Before the Hon. Edw. H. Cook, Judge.

THIS was an application of Harriet E. Teams, a minor, over the age of fourteen, to appoint John N. Smith, the defendant in error, her guardian, in the place of the plaintiff in error, who had formerly been appointed by the court, before, under the statute, she had the right of election. The court granted the application, and made the appointment without notice to plaintiff, and this is now assigned as error.

J. B. Stone, for plaintiff in error. ·

1. A guardian may be removed for any good and sufficient cause; but is entitled to fourteen days' notice, to appear and show cause why he should not be displaced. Clay's Dig. 268, § 4.

2. There is only one instance in which the court can remove a guardian without notice, and that is where he is charged with a breach of duty, or it is made to appear that he has removed from the state, &c. Clay's Dig. 221, § 5; Speight v. Knight, 11 Ala. R. 464.

T. J. Judge, contra.

1. Under the act of 1806, (Clay's Dig. 268, § 4,) "a practice has grown up, after citation to the guardian, to file specifications setting forth particularly the causes alleged for displacing the guardian." Huie v. Nixon, 6 Por. 81. These specifications should not only particularly, but with that certainty required in pleading, set forth these causes. The third spefication of plaintiff in error, in the court below, was too vague and indefinite; consequently, the demurrer thereto was rightfully sustained. And the plaintiff having failed to make good by proof, or even to attempt it, the first and second specifications, the court below rightfully dismissed the proceeding.

2. But taking the whole transcript as the record proper of the proceeding below, and still the court did not err; for the act of 1806, (Clay's Dig. 267, § 1,) authorizes minors over the age of fourteen years, to select their guardians; and the selection may be made before the judge of the orphans' court, or a justice of the peace. This act allows a free choice on the part of the minor, without requiring any cause or reason to be assigned for the selection; and a proceeding under it does not come under sec. 4, Clay's Dig. 268, which requires fourteen days' notice to an existing guardian, before he' can be removed for cause, by the court; for whence the necessity of notice, when no cause is required, nor can be shown for displacement; and, when the court does not displace, but the ward does, by the selection of another?— Speight v. Knight, 11 Ala. 461, is not in opposition to this.

3. It is the duty of the orphans' court judge, on such se-

lection being made by a minor, to be satisfied that the person chosen is one suitable and proper for the trust, that the selection is free and voluntary, and that the minor is over fourteen years of age. It is to be presumed, that that duty was performed in this instance, for plaintiff failed to show, in the court below, any undue influence, or improper conduct, in causing the selection of defendant, and even solemnly admitted in the petition, that the minor was over fourteen years of age.

COLLIER, C. J.—" The judge of the county court of the county in which such judge resides, is empowered and required, to take, receive and admit all accounts of executors, administrators and guardians, &c. ; to appoint guardians to minors, of their own election, &c." Clay's Dig. 226 § 27. So when, and as often as there shall be occasion, he is empowered " to allow of guardians that shall be chosen by minors of fourteen years of age, and it shall be lawful for the said court to appoint guardians for such as shall be within, or under that age." Clay's Dig. 267 § 1. Guardians are required to give bond with surety for the faithful execution of their trust, to return an inventory of the estate of their wards, to exhibit their accounts, &c. " 'Any guardian who shall not deliver in such inventory, or render such account, shall, by order of the orphans',court, to which he is answerable, be summoned, and if he remain in default, compelled to perform his duty, or be displaced. And the said court may for any good and sufficient cause, displace a guardian, giving such guardian fourteen days previous notice, by citation, to appear and show cause why he should not be displaced." Clay's Dig. § 2, 3, 4.

These are all the statutes which are at all pertinent to the case before us. There is certainly nothing in the language in which they are expressed, requiring a notice to be given to the guardian elected by the orphans' court, for an infant of tender years, in order to authorise the allowance of such guardian, as the infant may choose upon attaining the age of fourteen years. The appointment of the court can interpose no objection as *a matter of right*, to the choice of his ward, if the ward has arrived at that age which entitles him to

choose a successor. Here it is explicitly conceded in the petition, that there is no objection to the allowance of the second guardian, upon the ground of want of age. The act which directs that fourteen days notice shall be given to a guardian before the court shall displace him, applies in terms to a case, where he is attempted to be divested of his trust for some *good and sufficient cause :* as malversation, neglect, &c. So the provisions, in respect to non-resident guardians are alike inapplicable. It is only necessary carefully to examine our legislation upon this subject, to convince the judgment that these conclusions are an obvious result of our legislation. The choice of the minor of fourteen being allowed, the previous appointee of the court is tacitly superseded, and may be required to settle his accounts.

No question is raised upon the other points made by the petition and specifications, and we have but to declare that the judgment of the orphans' court is affirmed.