McCullough *v.* Merchants Loan and Trust Co.

### Robert McCullough

*v.*

### The Merchants Loan and Trust Company.

1. An officer of a corporation, under whose management it has become insolvent, is not a proper person to be appointed its receiver.

2. The power which creates a receiver may, at any time, put an end to his functions, but it ought not to do so except for cause.

3. Where an officer of a corporation has been appointed its receiver, and it appears proper that his conduct, as such officer, should be investigated, to ascertain whether he has not obtained an advantage which he ought not to be permitted to retain sufficient cause for removal exists.

Application to remove receiver, heard on petition and answer.

*Mr. Hamilton Wallis*, for motion.

*Mr. Socrates Tuttle*, contra.

The Vice-Chancellor.

This is an application to remove a receiver appointed to wind up an insolvent corporation. The petition charges the

receiver with fraud and neglect of duty. Some of the charges are admitted, others are explained, and others still are denied. Those imputing fraud, except such parts of them as are admitted, must be put out of view. No man should be convicted of fraud except upon satisfactory proof, and after having been afforded a full opportunity to meet the incriminating evidence.

The person sought to be removed, having been one of the directors of this corporation at the time of its suspension, was, according to the general rule, not a proper person to be appointed receiver. *High on Rec'rs*, § 72; *Freeholders of Middlesex Co.* v. *State Bank*, 1 *Stew.* 166. The reason of the rule is obvious : A person who cannot, with the aid of others, manage a business successfully, is, as a general rule, unfit to wind it up alone. For this reason the court at first refused to appoint the person whose expulsion from office is now asked, and this determination was adhered to until his appointment was urgently solicited by nearly all the creditors and stockholders.

When a corporation becomes insolvent, the court, by authority of law, takes possession of its assets for the benefit of creditors and stockholders, and, through the instrumentality of an officer of its own creation, converts them into money and distributes them. The court confers his functions, and may put an end to them whenever it deems it expedient to do so (*Rev.* p. 191, § 79), but like all other judicial action resting in discretion, its exercise should always be grounded in some consideration of justice or convenience. It should never be exercised capriciously nor arbitrarily, but only for cause. It might be difficult, if not impossible, to say what will be esteemed sufficient cause in every imaginable case, but it may be said generally, if the receiver was an officer of the corporation at the time it became insolvent, and it appears proper that his conduct, as such officer, should be investigated, to see whether he has not obtained a benefit or advantage which in equity he ought not to be permitted to retain, sufficient cause for his removal exists.

McCullough *v.* Merchants Loan and Trust Co.

I think sufficient cause has been shown in this case. The doors of this bank were closed on the 7th day of July last, and were not opened afterwards for the transaction of business. The next day was Sunday, a day usually free from the duties and cares of business, and devoted by most of the people of this state to religious worship, yet it appears, by the answer of the receiver, that on that day, without the slightest previous indication of weakness, it became publicly known, in some unexplained way, that this bank was insolvent. Proceedings for the appointment of a receiver were instituted early the next morning. On the Friday and Saturday preceding, the receiver transferred $4,090, standing to his individual credit on the books of the bank, to a firm of which he was a member, in payment of their debt to the bank, more than two weeks overdue. The effect of this transfer, if it is allowed to stand, is to give the receiver a preference over the other creditors. If he had actual knowledge of the insolvency of the bank at the time it was made, it is admitted his act was a fraudulent breach of duty. He cannot be permitted to use his official position, or the knowledge he obtains by means of it, to injure and defraud his *cestuis que trust.* He denies knowledge. He says he was ignorant of the condition of the bank. It was his duty to know. He was put there for that purpose. I think it may be very properly questioned, whether he can hold, against those whose interests he was bound to guard and protect, an advantage he admits he gained by a neglect of duty. Ignorance of what it is the duty of an officer or trustee to know ought not to be allowed to give him a position of greater personal advantage than he would have held if he had done his duty faithfully. The position of the receiver is this : If he had done his duty as a director of this corporation, he would be bound to refund this money, but as he did not do it, he may retain it. The soundness of this position, I think, ought to be disputed. The right of the receiver to retain his preference, against the other creditors, should be the subject of investigation, and perhaps he

should not be allowed to retain it until his right has been sanctioned by a judicial determination. This cannot be done properly, so long as he remains in office. For this reason I am of opinion he should be removed, and another person be appointed to the office.