# Moses v. Faber.

*Application by Guardian in County of new Residence of Minor
to require Guardian in County of former Residence to file
Accounts and Vouchers for final Settlement.*

1.   *Removal of minor into another county, and appointment of guardian
there; compelling settlement of accounts of former guardian.*—Under the
provisions of the act approved February 26, 1881, amending section 2800

of the Code (Sess. Acts 1880-81, p. 48), if the surviving mother of infant children under fourteen years of age, whose father is dead, and for whom a guardian has been appointed in the county of their father's last domicil, removes with them into another county, another guardian may be there appointed for them; and the new appointment superseding the former, and operating a removal of the former guardian, he may be cited by the new guardian to make a settlement of his accounts.

APPEAL from the Probate Court of Autauga.

Heard before the Hon. JAMES H. BOOTH.

This was an application to the Probate Court of Autauga county by the appellant, Henry C. Moses, as guardian of the minor children (all under fourteen years of age) of Isaac Abraham, deceased, to require the appellee, Jacob Faber, to file an account and vouchers for a final settlement of his guardianship of the estates of said minors. The mother of the wards had moved with them from Autauga to Montgomery county, and Faber was the guardian appointed in the former county, before the removal, and after the removal, Moses had been appointed in the latter county, under section 2800 of the Code of 1876, as amended February 26, 1881. (Acts of 1880 81, p. 48.) The application was denied and dismissed, and this action of the court is assigned as error.

The material facts are stated in the opinion.

SAYRE & GRAVES, for appellant.—As to the constitutionality of the law, see *Holmes v. Bank of Norfolk*, 12 Ala. 369; *Cochran v. Van Surlay*, 20 Wend. 364; Cooley on Constitutional Lim. 101. The appointment of the new guardian necessarily operates the removal of the old guardian, and his guardianship having ceased, he must make a final settlement thereof, as if the minor had arrived at age.—Code of 1876, §§ 2772, 2800, 2801; Acts of 1880–81, p. 48.

C. S. G. DOSTER, and JOHN A. HOLMES, *contra.*—When a Probate Court in this State, in the rightful exercise of its authority, has appointed a guardian, no other valid appointment can be made, so long as the first appointment remains unrevoked.—*Dupree v. Perry*, 18 Ala. 34; *Dorman, Guard., v. Ogburn*, 16 *ib* 79; *McGews v. McGwes*, 1 Stew. & Port. 30; *Apperson v. Cottrel*, 3 Port. 51; *Hilliard & Wife v. Binford's Adm'r*, 10 Ala. 977; *Herbert v. Hendrick*, 16 *ib.* 381; *Ikelheimer v. Chapman's Adm'rs*, 32 *ib.* 676; *Gray's Adm'r, v. Crews*, 36 *ib.* 359; *Coltart v. Allen*, 40 *ib.* 155; *Bean's Adm'r v. Chapman*, 73 *ib.* 140. The power to appoint a guardian is analogous to that to appoint an administrator, and the appointment of an administrator *de bonis non*, when there is

[Moses v. Faber.]

no vacancy in the administration, is a mere nullity.—*Bean's Adm'r v. Chapman, supra; Keilam v. Allen*, 69 Ala. 442 ; *Nelson v. Boynton*, 54 *ib.* 368 ; *Sims v. Waters*, 65 *ib.* 442 ; *Gray's Adm'r v. Crews, supra; Matthews v. Douthill*, 27 *ib.* 273. The act of Feb. 26, 1881, amendatory of section 2800 of the Code, is not in conflict with the above principle ; it did not contemplate the appointment of a guardian by the Probate Court of one county, when there is a former guardian holding his appointment from another. If this had been contemplated, the law would have expressly provided for the removal of the former guardian. The act has a field of operation, without the construction of it contended for by appellant. Moreover, no provision is made in the act for a settlement of the former guardianship. It was not the intention of the legislature to authorize a parent to make the estates of their minor children *ambulatory*, thereby entailing upon them great burdens and expense. When a statute is susceptible of two constructions, one leading to hardship and absurdity, and the other not, the latter construction is to be adopted.—*Sprowl v. Lawrence*, 33 Ala. 674.

CLOPTON, J.—By section 2800 of the Code, it is enacted : "Whenever the parent of any minor, who has the legal custody thereof, resides with such minor in another State, or removes with such minor from this State and becomes a resident of another State, the property of such minor in this State may be removed to the State of his residence, by order of the Probate or Chancery Court having local jurisdiction of the estate of such minor. But no such order of removal shall be made until a guardian for such minor in the State of his residence is appointed and duly qualified according to the laws of such State, and has given bond for the faithful performance of his trust, with approved sureties, in twice the value of the estate of such minor." This section was amended February 26, 1881, by adding at the end thereof the following : "When any such parent has removed, or may remove, with any such minor, from any county in Alabama to any other county in this State, the Probate Court or judge of the county of the new residence of any such minor may appoint a guardian for such minor, and such guardian must give bond for the faithful performance of his trust in double the estimated value of the estate of such minor, to be approved by the Probate Court or judge making the appointment, and thereupon the guardian thus appointed shall become entitled, as such guardian, to demand, receive, and recover all the estate and property of

every kind belonging to such minor, and to all appropriate remedies for recovering the same."—Acts, 1880–81, p. 48.

Isaac Abraham died in February, 1876, having his domicil, at the time of his death, of Autauga county, and leaving surviving him his wife and three minor children. The appellee was appointed, in November, 1880, guardian of the children by the Probate Court in Autauga county, and qualified as such. In November, 1884, the mother removed with the children, all of whom are under fourteen years of age, to Montgomery county, and several months thereafter petitioned the Probate Court of the latter county, under the provisions of the amendatory act, to appoint a guardian for the minors. Appellee had notice of the proceeding, appeared and resisted the application. On the hearing the Probate Court granted the petition, and appointed appellant guardian, who gave bond and qualified. Thereupon he applied, as such guardian, to the Probate Court of Autauga county to require appellee to file his accounts and vouchers for a final settlement of his guardianship, and for a decree, that he pay and turn over to appellant all assets of every kind belonging to the minors in his hands or under his control. The appeal is taken from the order of the court denying and dismissing the application.

The solution of the question presented necessitates a construction, as to its effect and operation, of the act of February 26, 1881, amending section 2800 of the Code. It must be admitted, in view of other statutes relating to the same matter, that the amending act has introduced some confusion in the legislation on the subject of the removal of the person and property of a minor from one county to another in the State. The confusion consists in a want of definiteness and consistency, arising from a failure to make the proceedings, with appropriate and corresponding changes, provided by section 2801, or other appropriate proceedings, applicable to the case, thus leaving dependent on implication the effect and proper proceedings, where a guardian has been appointed by a court having jurisdiction. In ascertaining the legislative intent, the consideration must be directed to the existing laws; the real or supposed mischief, and the words used to express the remedy.

It is insisted, that the statute should not be construed as authorizing the appointment of a guardian in the county of the new residence, where one has been previously appointed by the Probate Court of the county from which the minor is removed. The manifest purpose is to confer on the Probate Court authority to grant guardianship in case of the removal of the minor, where it was not possessed under

existing laws. The constitution confers on the Probate
Court general jurisdiction "for orphan's business"—juris-
diction of the subject-matter—but the legislature may regu-
late the particular cases in which the jurisdiction may be
exercised in the respective counties. The general rule is,
that the domicil of the father at the time of his death is the
domicil of his infant child ; and if a guardian has been ap-
pointed, the mother can not change the domicil without his
consent ; but may change it during her widowhood, if the
child be of tender years, and there is no guardian.—*Carlisle
v. Tuttle*, 30 Ala. 613. When there has been a change of
domicil, and no guardian has been appointed where the
domicil of the father was at the time of his death, the judge
of probate of the county of the new residence is authorized
to appoint a guardian, by the statute, which provides, that
guardians must be appointed for minors by the judge of
probate of the county in which the minor resides.—Code
1876, § 2748. When a particular Probate Court, having
jurisdiction, has appointed a guardian, there is no authority,
independent of the statute in consideration, for another
probate court to remove or supersede him by a new appoint-
ment.—*Dorman v. Ogbourne*, 16 Ala. 759. There is also a
statute, providing, that the person or property of a minor
may be removed from one county to another within this
State, if in the opinion of the judge of probate, it will be for
the interest of, or work no prejudice to, the minor, by the
guardian making a full settlement with the judge of probate
by whom his letters were granted, and on the production by
the person, appointed guardian in the county to which the
person or property of the minor is moved, of a properly
certified transcript showing his appointment, and the exe-
cution of a bond, and proving the sufficiency of his sureties.
Code, § 2802.

Such being the state of the legislation, and the judicial
interpretation, the act in consideration was passed. It is
manifest, that if the construction insisted on be put on the
statute, no authority to grant guardianship is conferred on
the Probate Court or judge of the county of the new resi-
dence, other than was conferred by the existing laws. A
field of operation, other than the authority already granted,
should be found, if there be such. By the statutes, the
right to the custody of her children, if under fourteen years
of age, is conferred on the mother upon the death of the
father, notwithstanding there may be a guardian.—*Striplin
v. Ware*, 36 Ala. 87. She has the legal custody. In view of
the mother's right to the custody, and her want of power to
change, of her mere volition, the inherited domicil of the

29

child, there being a guardian, it was enacted, that when the parent of any minor, who has the legal custody thereof, may remove with such minor from one county to another, the probate judge of the county of the new residence may appoint a guardian for such minor. Considering that the mother may wish, from considerations of convenience or interest, to change her residence, and regarding the necessity and benefit of her influence, nurture, and moral training, the law-makers intended to confer on her the right to change, of her mere volition, and without reference to the guardian, the domicil of her children of whom she had the legal custody—a domicil derivative from the mother's—and in such case to authorize the appointment of a guardian who could perform towards his ward, the duties of proper care and protection. The amendatory act operates in case of the removal of the minor in the manner provided, to abrogate the rules established under existing statutes, which declared the mother's want of power to change the residence of her minor child, when there is a guardian, and which excluded the authority of any other Probate Court to appoint a guardian, when a particular court has rightfully exercised jurisdiction.

The inquiry following this construction, relates to the effect of the new appointment upon the former guardianship. While by virtue of the power to define and regulate the particular cases in which the local jurisdiction may be exercised, the legislature may authorize the appointment of different guardians in separate jurisdictions, prescribing their respective rights and duties, we cannot presume, in the absence of clear expression or manifest implication, that it was intended to subvert the declared policy of the State, and to create the repugnancy of committing the person and property of a minor to two or more guardians, deriving authority from and accountable to different courts, with co-existent and co-extensive rights and duties. Conflicts of jurisdiction with the resulting evils, waste of the ward's estate by unnecessary expenses, and diversity of opinion and disagreement as to its management and as to proper care and protection of the ward, would probably ensue. While apprehended consequences should not force a construction contrary to the plain import of the words employed, they should be regarded, and induce circumspection and caution in forming an interpretation, when construing statutes of doubtful meaning. By statute, a minor over fourteen years of age has the right to nominate a suitable person as his guardian. The statute confers the right without declaring the effect of an appointment of the minor's selection upon

a guardianship previously granted. Under the statute, it has been held, that the allowance of the choice of the minor, tacitly supersedes the previous appointee, and he may be required to settle his accounts.—Code, § 2749; *Kelly v. Smith*, 15 Ala. 687.

The amendatory act declares, that the guardian appointed in the manner thereby provided, " shall become entitled, as such guardian, to demand, receive, and recover all the estate and property of every kind belonging to such minor, and to all appropriate remedies for recovering the same." The power is ample, and the right extends to all the property of the minor in this State in whosoever possession it may be. The power and right are exclusive and irreconcilable with the right of a former guardian to retain and manage the estate. The appointment of a guardian by the Probate Court or judge of the county of the new residence, by manifest implication, supersedes the appointment of the first guardian and operates his removal, and thereupon he may be compelled to settle his accounts.

The appellee, having appeared on notice, and contested the application to appoint a guardian, is concluded by the judgment of the Probate Court of Montgomery county, and cannot open the litigation as to the issues thereby decided. A citation, on the application of the guardian appointed under the provisions of the statute, requiring him to make final settlement, is an appropriate remedy.

Reversed and remanded.