(80 South. 870)

DUNN v. CHRISTIAN.   (6 Div. 870.)

(Supreme Court of Alabama.   Feb. 13, 1919.)

1. GUARDIAN AND WARD &#9758;8—APPOINTMENT OF GUARDIAN—VALIDITY.

The appointment of a guardian of the person and estate of a minor, whose parents were legally domiciled within the county at the time of their death, is not void for the reason that at time of such appointment the minor was residing with parties in an adjoining county.

2. GUARDIAN AND WARD &#9758;17—APPOINTMENT OF GUARDIAN—VALIDITY OF DECREE—COLLATERAL ATTACK.

Where the probate court of one county, by regular proceedings, appointed a guardian of the person and property of a minor whose parent's legal domicile at the time of their death was within the county but who at the time of appointment of guardian was residing in another county, such judgment is not subject to collateral attack.

3. PARENT AND CHILD &#9758;2(1)—CUSTODY OF CHILD—WELFARE OF CHILD.

The welfare of a child who has become a ward of the court is a question of paramount importance, and the rights of other parties to the litigation are matters of secondary consideration.

4. PARENT AND CHILD &#9758;2(4)—GUARDIAN OF MINOR AND ESTATE—EVIDENCE.

In a contest for the custody of a child and guardianship of its estate, between two uncles of such minor, evidence of qualifications for guardianship *held* to support a conclusion of the trial court that the welfare of the child required its being awarded to the petitioner.

5. ADOPTION &#9758;14—PROCEEDING—JUDICIAL ACT.

A proceeding in the probate court for adoption of a minor child is not a judicial act which

---

would be binding or effective on a court of equity acquiring jurisdiction of the person of the child, as to its proper custody.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Suit by Z. R. Christian against Tullie Dunn for possession of a child. From a decree awarding the custody of the child to petitioner, the defendant appeals. Affirmed.

The petition in this case was filed by Z. R. Christian against the respondent, Tullie Dunn, in Walker circuit court sitting in equity, seeking to have the court give to the petitioner the custody and control of a male child about three years of age, Paul Christian by name.

The child's father and mother resided in Tuscaloosa county at the time of their death; both of them having been killed by storm during the latter part of May, 1917, leaving this one child. Immediately after the death of the parents, the respondent took possession of the child, and on June 4th filed his declaration in the probate court of Walker county adopting the child, as prescribed by statutes. The child had an estate in Tuscaloosa county consisting of 240 acres of land, valued at about $10 per acre, and personal property of the value of $435.

On July 23d, petitioner was appointed guardian of the person and estate of said minor by the probate court of Tuscaloosa county. The father of the child was the brother of petitioner. Evidence was offered by the petitioner tending to show that he was a competent man to have charge of the rearing of said child, and it would be to its interest; that petitioner resided with his father and mother (grandparents of the child) in the city of Florence, Ala.; that petitioner was fairly well educated, of good moral character, and unmarried; and that his parents were also anxious for the child to live with them, and would educate the child and treat it as their own. It is further shown that petitioner's father and mother have been ambitious parents, and made every effort to educate their own children, and that the educational and religious advantages where they live are unusually good. Petitioner avers that he makes $20 per week now, but has not yet completed his education.

The testimony for the respondent tended to show that he was also willing and able to rear and educate the child, and that he is a man of good character. It further appears that respondent lives in a rural community, now residing at Parish, Walker county, Ala.; and that, as a rural mail carrier, he makes $100 per month, out of which his expenses are paid, making the net income $70 or $75; that he has property worth approximately $1,200, has a wife and four children of his own, the oldest being eleven years of age.

Respondent also introduced his declaration of adoption filed in the probate court of Walker county June 4, 1917.

The evidence does not disclose what relation, if any, respondent bore to the minor.

The trial was had, and witnesses examined before the trial judge, resulting in a decree awarding the custody of the child to petitioner, from which decree the respondent prosecutes this appeal.

Ray & Cooner, of Jasper, for appellant.

J. H. Bankhead, Jr., of Jasper, for appellee.

GARDNER, J. [1, 2] The appointment by the probate court of Tuscaloosa county of the appellee as guardian of the person and estate of the minor, whose custody is here involved, is attacked by counsel for appellant as being void for the reason that, at the time of said appointment, the minor was residing with the respondent in Walker county. The legal domicile of the parents of the minor was Tuscaloosa county at the time of their death, and in such county the latter's estate was located.

Under the principles declared in Allgood v. Williams, 92 Ala. 551, 8 South. 722, we think the probate court of Tuscaloosa county was acting entirely within its jurisdiction in appointing petitioner as guardian of said minor. The appointment was of the person, as well as the estate, of the minor, and we see nothing upon the face of the proceedings which would authorize the decree of the probate court to be here collaterally attacked as void or wanting in force and effect.

[3] This much is said in answer to argument of counsel, but by these observations we do not mean to indicate a view that the decision here is rested solely upon these considerations.

While we are of the opinion that the appointment of petitioner as guardian was legal so far as this proceeding was concerned, yet, in cases of this character, the court, exercising full equity powers, has acquired the jurisdiction of this minor, who has therefore become a ward of the court, and the welfare of the child is a question of paramount importance; the rights of the parties to the litigation being a matter of secondary consideration. Murphree v. Hanson, 197 Ala. 246, 72 South. 437.

[4] The petitioner is the uncle of this child, and lives in the household of his father and mother in the city of Florence. He is a person of education and good moral training; and the grandparents of the child, who bear an excellent name, are shown to be desirous of having this child a member of the family and to aid in its education. The educational and moral advantages of the city of Florence, where they reside, are shown to be exceedingly good.

The respondent is not shown by the evidence to be of any relation, but we find in brief of counsel a statement that he is also an uncle of the child. As there is no denial of this by counsel for appellee, under the circumstances here disclosed, we may assume this relationship exists. Respondent resides in a rural community; has a salary which nets him about $75 per month, out of which he must support his family, consisting of a wife and four children. The educational advantages are, of course, not as great as those at the home of the petitioner. The respondent has a small estate, but evidently the income therefrom is a matter of no significance, and, considering the burden of a family which he has to bear, it could hardly be held that he was as free financially as petitioner.

The child has some estate, which, if carefully managed and preserved, may be of some substantial aid to it in the future.

Looking to the welfare of the child, we are persuaded that the conclusion of the court below in awarding the custody of the child to petitioner, appellee, was correct, and should be here affirmed.

[5] Appellant's counsel seem to lay much stress upon the proceedings for adoption filed by respondent in the probate court of Walker county, as giving to respondent the legal right to the custody and control of the child. We gave consideration to this question in Murphree v. Hanson, supra, wherein it was held that such a proceeding was in no sense a judicial act, and that it had about it no elements of a judicial decree, stating further:

"There is nothing in the statute cited, which we think would sustain the contention that such a declaration of adoption would be binding and effective on a court of equity once acquiring jurisdiction of the person of the child, as to its proper custody."

It results that the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.