(125 So. 333)

### HENDERSON v. WRIGHT. (4 Div. 459.)

Supreme Court of Alabama. Dec. 19, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

A. G. Seay, of Troy, for appellee.

**THOMAS, J.** The submission is on motion and merits. The motion is denied on examination of the affidavit on file.

The question of merit is the right of the minor over the age of 14 years to nominate a guardian under section 8095, Code. This section gives the right to nominate a guardian as a matter of choice, and the causes for removal are stated in section 8226, Code. Watson v. White, 216 Ala. 396, 113 So. 260.

The right of the minor, on attaining the age indicated by statute, to nominate a new guardian and have the old guardian settle his accounts with the new or nominated guardian, is recognized in Kelly v. Smith, 15 Ala. 687; Moses v. Faber, 81 Ala. 445, 451, 1 So. 587.

The sworn petition for letters of guardianship states the age of the minor as 10 years on July 6, 1922; that of Nettie Talbot Henderson states that she was over the age of 14 years on the 4th day of September, 1929, the date of her nomination petition for new guardian. And the affidavit of Beauford Henderson Menefee states the age of Nettie Talbot Henderson as born on July 6, 1912, and being 17 years of age July 6, 1929.

While the case of Kelly v. Smith, supra, did not require notice to the old guardian, it was given, and he failed to appear of record. In this case the old guardian and his attorney knew of the proceedings, but no action was taken, and on September 19, 1929, the court entered the decree from which the appeal is taken. The court was convinced that the minor was over 14, and that the party nominated or chosen by the minor, as her matter of right or choice, was a person suitable for her new guardian. The action of the court in declining to follow the decision in Kelly v. Smith, supra, put upon the minor the burden of the appeal.

The fact that most guardians have acceded to nominations that have been made under this statute, section 8095, no doubt accounts for the paucity of decisions. This is the minor's right, and manner of insistence thereon in this court. It is shown that the guardian was given notice of the action in the lower court and in this court, and notice of the appeal. Section 6140, Code.

The provisions of section 8226 et seq. are for the removal of a guardian, and section 6125, Code, provides for the application and appeal by the "next friend." The analogy to be found in Loftin v. Carden, 203 Ala. 405, 406, 83 So. 174, from decree of appointment of guardian of minor, under this statute, supports this appeal of Nettie Talbot Henderson by her next friend, Beauford Henderson Menefee. Section 6129, Code of 1923; Ward v. Mathews, 122 Ala. 188, 25 So. 50, appeal by guardian ad litem in the name of the minor; Pollard v. Jackson, 204 Ala. 31, 85 So. 431, by guardian ad litem for minor under petition for sale of lands.

The instant decree is such as will support an appeal. In Holmes v. Holmes, 210 Ala. 227, 97 So. 628, the decree was from an order denying a petition to revoke letters of administration; in Loftin v. Carden, supra, from the order appointing guardian of minor; and in Stewart v. Paul, 141 Ala. 516, 37 So. 691, the appeal sustained was from order of the judge of probate awarding the custody of a child.

The case of Moses v. Faber, 81 Ala. 445, 1 So. 587, was upon the Acts of 1880-81, p. 48, to amend section 2800 of the Code of 1876, providing for removal of property and minor to another state or to another county in this state, and the statute was amended in response to this decision to section 2489 of the Code of 1886, providing for removal to other jurisdiction, omitting the provisions as to removal to another county in this state.

Since the amendment of this statute, the minor is remitted in his right to the jurisdiction of the pending guardianship. Ripitoe v. Hall, 1 Stew. 166; Allgood v. Williams, 92 Ala. 551, 8 So. 722, petition for revocation of letters of guardianship; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555, proceeding on guardianship of a minor and of final settlement of ward's accounts; Dunn v. Christian, 202 Ala. 487, 80 So. 870, the proceeding of the probate court in appointment of guardian—the legal domicile of the parent of the minor at death and where estate located was that of the minor, held the appointment was that "of the person, as well as the estate of the minor," and that, though the minor later resided in another county, this did not defeat that jurisdiction acquired and assumed by the court over the minor's person and property.

It is also provided by section 6114, Code: "An appeal lies to the circuit or supreme court from any final decree of the court of probate, or from any final judgment, order, or decree of the judge of probate; and in all cases where it may of right be done, the appellate court shall render such decree, order, or judgment as the court of probate, or the judge thereof, ought to have rendered." Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Holme's Case, 210 Ala. 227, 97 So. 628; McKenzie v. Jensen, 195 Ala. 36, 70 So. 678.

The guardian as the adverse party had notice of the application to the judge of probate, and "copy of said nomination so filed" was given the attorney for said Edgar M. Wright, and citation and service of appeal was executed upon him as the "adverse party," pursuant to statute. Code, § 6140.

This court, sitting under this statute, as and for the probate judge of Pike county, reverses and remands the cause.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.