[Brue v. McMillan.]

# Brue *v.* McMillan.

## *Ejectment.*

(Decided January 18, 1912. 57 South. 486.)

1. *Bill of Exceptions; Signing; Place.*—The judge of the law and equity court of Mobile had authority to sign a bill of exceptions while temporarily outside of Mobile county, in view of section 3300, Code 1907, and Acts 1907, p. 562.

2. *Evidence; Documentary Evidence; Retroactive Statutes; Curative Acts.*—The plaintiff objected to defendant's offer as evidence of title of a patent dated February 20, 1872, purporting to have been executed by the Governor by his secretary, on the ground that the patent had not been executed by the Governor, and was not sealed with the great seal of the state, which objection was good at the time it was made. The court took the objections under advisement, and continued the hearing, and before ruling on the objection, Acts 1911, p. 192, was passed and approved. Held, that although the objection was well founded when taken, courts are bound to apply the law as it exists at the time the ruling was made, and that as the statute curing the defects went into effect from the moment of its approval, and before the ruling on the objection, the objection was properly overruled.

3. *Same; Recital in Patent; Effect.*—Recitals in a state patent to swamp lands that a certificate of the receiver of the swamp and overflow lands of the state of Alabama, in and for the district of Mobile, had been deposited in the office of the Secretary of State, whereby it appeared that full payment for the lands had been made by the patentee according to the Acts of February 8, 1861, were of no consequence in this case, as evidence of the fact of payment, as plaintiff was not affected by them, but by the state's conveyance of title which it had power to make on any consideration deemed proper.

4. *Evidence; Location of Land; Map.*—A certified copy of a map on file in the office of the State Land Office, the original bearing date of 1871, was admissible for the purpose of locating the land in controversy.

5. *Appeal and Error; Harmless Error; Evidence.*—Since by the express provision of Acts 1911, p. 192, the patent to swamp lands executed by the Governor by his secretary on February 20, 1872, constitutes prima facie evidence of title, certified copies of entries in the books kept by the state treasury to show payments of the price of land in question by the patentee, were not prejudicial to plaintiff, as plaintiff did not rely on defendant's inability to prove payment of the purchase price of the lands to the state, and the state having the power to validate the patent upon any consideration deemed by it to be proper.

[Brue v. McMillan.]

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by T. E. Brue against Thomas N. McMillan. Judgment for defendant and plaintiff appeals. Affirmed.

RICH & HAMILTON, for appellant. The patent was not properly executed and was void, and hence, the court erred in permitting defendant to introduce the patent purporting to have been executed by the Governor by his secretary.—*So. Ry. v. Cleveland,* 53 South. 767. Under the evidence, the patent must have had the effect to avail defendant as a valid evidence of title.— *Hughes v. Anderson,* 79 Ala. 209. A subsequent act cannot alter the law as it existed on the day of the trial, and hence, the court was in error in overruling the objection to the patent, although the ruling was not made until after the passage of the act approved April 4, 1911.—*Catrell v. The State,* 42 South. 609; 36 Cyc. 1218. This act does not help in any event, as there is nothing to indicate that Chardavoyne was private secretary to the Governor, and the courts will not take judicial knowledge thereof.—*Crawford v. The State,* 57 N. E. 931; *Ward v. Henry,* 59 Wis. 76; Greenl. Evid. sec. 6a. Counsel discuss the validity of the Act of April 4, 1911, but in view of the opinion it is not deemed necessary to here set them out. Although the legislature has the right to prescribe what should be prima facie evidence that right is subject to the qualification that in doing so it shall not take away plaintiff's cause of action, or destroy a defense after a suit has been begun.—*M. J. & K. C. R. R. Co. v. Turnipseed,* 219 U. S. 35. Counsel also discuss the constitutionality of the Act of February 12, 1879, but in view of the opinion it is not deemed necessary to here set them out. The map

was inadmissible.—*So. Ry. v. Cleveland, supra.* On the same authority the certified copy of the entries on the state treasury book were inadmissible. On motion to strike bill of exceptions and as an authority against said motion counsel cite Acts 1907, p. 562, section 3300, Code 1907; *Ex parte Nelson,* 62 Ala. 376; 85 Pac. 97; 83 Pac. 423.

R. P. ROACH, for appellee. On motion to strike bill of exceptions and as an authority for the motion counsel cites *E. A. L. M. Co. v. Peebles,* 102 Ala. 244; *Raney v. Ridgeway,* 151 Ala. 333; *Gryder v. Talley,* 77 Ala. 424; Cyc. 160. On the merits counsel insists that the record shows that appellee and his predecesosrs in title have had adverse possesison of the land for more than twenty years.—*Goodson v. Brothers,* 111 Ala. 589; *So. Ry. v. Cleveland,* 53 South. 768. Since the passage of the Acts of April 4, 1911, the case of *Sou. Ry. v. Cleveland* is no longer an authority as to the recitals in said patent of the payment of the purchase money not being legal evidence. The Act of 1911, p. 162, became operative immediately upon its passage.—2 Ala. 26; 8 Port. 174; 8 Ala. 119; 6 Ala. 579; 39 Ala. 696; 101 Ala. 594. The act applied to the patent introduced by defendant and rendered it a muniment of title.—*Jordan v. McClure L. Co.,* 54 South. 422; *Sloss-S. S. & I. Co. v. Lollar,* 54 South. 273; 16 Cyc. 1075; 8 A. & E. Enc. of Law, 729; 3 Wig. sec. 2144. Counsel cite authority upholding the constitutionality of the act in question, but in view of the opinion it is not deemed necessary to here set them out. This was also true of the act of 1879.

SAYRE, J.—The judge of the law and equity court of Mobile, a court exercising jurisdiction in Mobile county only, signed the bill of exceptions in this case while in

Clarke county, and this fact gives appellee occasion for a motion to strike. In *Rainey v. Ridgeway,* 151 Ala. 532, 43 South. 843, decided at a time when, under the statute, judges might extend the time for signing bills of exception, the bill was stricken, because the judge of probate made the order extending the time for a bill while absent from his county; this on the ground that the judicial power of probate judges is limited to the territory of the counties in which they are elected. On the other hand, it was held, in *Ex parte Nelson,* 62 Ala. 376, that a circuit judge might validate a bill of exceptions while in a circuit different from that in which the trial was had; this for the reason that his jurisdiction is co-extensive with the state. Circuit judges have the same official authority and power in one county as in another. The judge of the law and equity court of Mobile has and exercises all the jurisdiction and the powers which are exercised by judges of the circuit court.—Act of August 6, 1907 (Sess. Acts 1907, p. 562). He may, when deemed expedient by him and the circuit judge, or when directed by the Governor in writing, sit upon the circuit bench in any county in this state. Code, § 3300. He had, therefore, authority to sign the bill of exceptions when and where he did, and the motion to strike must be overruled.

Objections taken and elaborately argued against the constitutional validity of the act of February 12, 1879, entitled "An act to further regulate the securing, preservation and sales of the swamp and overflowed lands of the state" (Acts 1878-79, p. 198), and the act of April 4, 1911, entitled "An act to authorize the introduction in evidence of documents executed prior to February 12th, 1879, by the Governor in person or in his name by his secretary, purporting to convey any of the state's lands, but ineffective as conveyances, and certified

copies of the record of any such documents which have been recorded for as much as twenty years, and to prescribe the probative effect of such documents and copies," (Gen. Acts 1911, p. 192,) have been recently considered at length by this court, as to the first-named act, in *Jordan v. McClure Lumber Co.*, 170 Ala. 289, 54 South. 415; as to the second, in *Brannan v. Henry, Infra,* 57 South. 967. We find no occasion for a repetition of what was said in those cases.

This case, like those to which we have just referred, involved the title to a part of what were the swamp and overflowed lands patented to the state by the government of the United States. The trial was by the court; no jury having been demanded. Evidence was offered by the parties during the 28th and 29th days of March, 1911. Defendant offered as evidence of title a patent of date February 20, 1872, purporting to convey the state's title to the Mobile & Ohio Railroad Company, as assignee of James Dunbar. This patent purported to have been executed by Robt. B. Lindsay, Governor of Alabama, by W. V. Chardavoyne, secretary, and recited that there had been deposited in the office of the Secretary of State a certificate of the receiver of the swamp and overflowed lands of Alabama, in and for the district of Mobile, whereby it appeared that full payment for the land had been made by James Dunbar according to the act of February 8, 1861 (Laws 1861, p. 12). To this patent and its recitals, the plaintiff (appellant) objected, on the ground that the patent had not been executed by the Governor; nor was it sealed with the great seal of the state, as required by the Constitution. To the recitals, the objection was taken that there was no authority in law for the Governor's secretary, by whom the Governor's name had been signed to the patent, to bind the state, or any one, by

the statement of the facts recited. The court took these objections under advisement, and proceeded with the hearing. On April 7th next, the court announced that plaintiff's objections were overruled, and rendered judgment for the defendant. To this ruling and to the judgment, plaintiff reserved exceptions. In the meantime, the act of April 4, 1911, had been approved. When the objection was taken to the patent as evidence of title, it was well grounded in law and fact. As color of title, in connection with act of possession and ownership, it was at all times admissible, and when the ruling was announced the objection to the patent as a muniment of title had been removed by the statute. As was held in *Brannan v. Henry, supra,* under the act of 1879, the patent of 1872 became in effect a transfer of the state's original title, undisputed in this case, upon condition that the purchase money had been paid, and, under the act of 1911, it became in effect a deed subject to be defeated on proof that the purchase money had not been paid. For reasons stated in that case, the curative effect of those statutes and the rule of evidence enacted by them were operative in this case. The statute of 1911 became effective from the moment of its approval. The ruling must be judged on its merits as of the time it was made. The trial court properly overruled plaintiff's objection to the patent for want of proper execution. The recitals of the patent were of no consequence in this case as evidence of the fact of payment. Their presence in the patent, purporting to have been issued by the Governor, or his secretary, was taken by the state as sufficient reason for the ratification and conveyance of title, which it had power to make on any consideration deemed proper. The statute of 1911 was based upon the assumption of fact, morally and legally justi-

fiable, that the patent of 1872 spoke the truth of the transaction to which it related.

A certified copy of a map on file in the office of the state land agent, the original bearing date in 1871, was introduced in evidence for the purpose, perhaps, of locating the land in controversy. In this there was no error.—*Barker v. Mobile Electric Co.*, 173 Ala. 28, 55 South. 364.

Certified copies of entries in the books kept by the State Treasurer, going to show payments for swamp and overflowed lands, and notations in the map book in the office of the state land agent, made on the page opposite to the map, and going to show a sale of the land in controversy to James Dunbar, were admitted for the purpose, no doubt, of showing a sale to said Dunbar and payment of the purchase money into the treasury of the state. Defendant showed a complete, unbroken chain of title, undenied in fact, though its effect in law was controverted, reaching back to the Mobile & Ohio Railroad Company, assignee of Dunbar. There was no effort on the part of the plaintiff to show that Dunbar had not in fact paid the purchase money. Plaintiff's reliance was upon the defendant's inability to prove payment. If, for any reason, there was error in the admission of the certificates and the notations from the map book, it was harmless; for, under the statute of 1911, the patent became prima facie evidence of title in the defendant. There being no attempt to defeat the title thus shown by the production of evidence that the purchase money had not in fact been paid into the state treasury, this patent became conclusive of the case. Defendant's right and title thereunder was not affected by subsequent grants to the plaintiff.—*Bates v. Herron*, 35 Ala. 117; *Tapia v. Williams*, 172 Ala. 18, 54 South. 613.

[Busbee, et al. v. Thomas, et al.]

There were objections to the several links in the chain of title by which the defendant connected himself with the Mobile & Ohio Railroad Company. These objections were based upon the proposition that the state's patent to that company was ineffectual as a conveyance of title. This contention has been disposed of by what has been here said, and by what may be found in *Brannan v. Henry, supra.*

We find no error in the record; the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

McCLELLAN, J.—(concurring).—On the appeal in *Brannan v. Henry, Infra,* 57 South. 967, I have attached my view of an expression therein used, which recurs, in substance, in the above opinion, with respect to the effect of the Acts of 1879 and of 1911. Reference is therefore made to that appeal.