# Pepper *v.* Horn, *et al.*

### Specific Performance.

(Decided November 23, 1916.   73 South. 46.)

1. **Appeal and Error.**—The act of March 17, 1915 (Acts 1915, p. 137) amending § 2838, Code 1907, was not repealed by the Act of Sept. 22, 1915 (Acts 1915, p. 711), since the special provision of the earlier statute controls the general provision of the later one passed at the same session.

2. **Same.**—Under Acts 1915, p. 137, amending § 2838, Code 1907, where the appeal was taken from two decrees sustaining demurrers to an original and amended bill respectively, the assignment of error to the decree sustaining demurrer to the original bill will be stricken, if such decree was rendered more than 30 days prior to the appeal, and there has been no decree finally determining the cause.

3. **Specific Performance; Pleading; Certainty.**—In actions for specific performance of parol contracts respecting the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely, and precisely stated, so that the court may not be left to inference, or in uncertainty as to its terms or as to rights of the parties.

4. **Same; Proof and Variance.**—In such actions the correspondence between the allegations of the bill, and the proof produced to establish them is more rigidly exacted than in any other class of case.

5. **Same; Pleading; Definiteness.**—The bill examined and held not sufficiently definite in its allegations to authorize the specific performance of a parol contract to convey land.

APPEAL from Sumter Chancery Court.
Heard before Hon. THOMAS H. SMITH.

[Pepper v. Horn, et al.]

Bill by Perry P. Pepper against Alex G. Horn and another, for specific performance. Decree sustaining demurrer to the amended bill and complainant appeals. Affirmed.

The bill alleges that Coleman was the owner of a certain described lot, and that prior to the time of the filing of the bill complainant bought the lot from Coleman, and agreed to give him the sum of $400 for it, and that Coleman furnished orator $1,300 with which to build a house on the lot, paid $30 to have the house insured, and purchased for orator $500 of stock in the bank of York; that later orator entered in a verbal contract, whereby he sold the said lot to respondent Horn for the sum of $2,000, and that said Horn was to have possession of said place on September 29, 1914, and that on said date he did deliver possession thereof to Horn, and rented the property from said Horn and paid him rent; that thereafter orator became indebted to Horn in the sum of $40, and that when he tendered the same to Horn, Horn authorized him to credit, and orator did credit, such sum of money on the balance of purchase money due orator from said Horn for the purchase price of said land. It is further averred that Coleman has not yet executed and delivered to orator a deed to said property, but that, pursuant to an agreement between Coleman and Horn, which was made and entered into about the time that Horn purchased said property from orator, said Coleman and wife executed, acknowledged, and tendered to Horn a good and sufficient warranty deed to said property, and that Alex Horn declined and refused to pay for said property, or to receive a deed therefor, and it is further averred that orator and Coleman are ready and willing to execute a deed, and that the contract of purchase on the part of said Horn is a true and valid contract to purchase said property, and that the same should be specifically performed on the part of orator, Horn, and Coleman. The demurrers raise the point that the contract of purchase is oral, and that the terms of the trade as described in the amended bill are left in doubt and uncertainty, and are not alleged and stated with sufficient definiteness.

THOMAS F. SEALE, and FOSTER, VERNER & RICE, for appellant. PATTON & PATTON, for appellee.

McCLELLAN, J.— (1) This bill, original and as amended, sought the specific performance of a contract to convey a town lot in York, Sumter county. The certificate of appeal recites

that, on March 28, 1916, the complainant, Pepper, took an appeal from two decrees, sustaining demurrers to the bill. The first decree, entered November 29, 1915, adjudged the original bill to be subject to the demurrer. On December 15, 1915, after the ruling on the demurrer, the complainant materially amended his bill; and, in response to demurrer addressed to the amended bill, the chancellor held it to be subject to grounds 5 to 21, inclusive, of the demurrer. The appellee moves the court to strike the first assignment of error, which would bring under review the ruling of the court, made November 29, 1915, sustaining the demurrer to the original bill. The ground of the motion to strike the first assignment of error is that the appeal to effect the review of this ruling was not taken within 30 days, as required by the act approved March 17, 1915 (Gen. Acts 1915, p. 137). The act reads: "That section 2838 of the Code is amended so as to read as follows: 2838—Appeals from Certain Interlocutory Decrees. From any decree rendered by the chancery court in term time, or by the chancellor in vacation, or by the county courts of law and equity in term time, or by the judge of such, sustaining or overruling a demurrer to a bill in equity or to a cross-bill, an appeal lies from such decree, to be taken within thirty days from the rendition thereof, to the Supreme Court. Such appeal shall be heard and determined by the Supreme Court in preference to all other appeals except appeals in criminal cases; and if the decree is reversed, the court shall render such decree as should have been rendered by the court, chancellor or judge below; but nothing in this section shall prevent an assignment of errors on such decrees on appeals taken on the final determination of the cause, if no appeal is taken under this section."

The motion to strike the assignment of error is well taken, and must be granted unless the quoted act was repealed by the act (section 1) approved September 27, 1915 (Gen. Acts 1915, p. 711). So far as presently pertinent, the act approved September 22, 1915, provides: "That any appeal taken under the provisions of chapter fifty-three (53) of the Code of 1907 must be taken within six months from the rendition of the judgment or decree. * 　 * 　 * "

Section 2838 of the Code of 1907, amended by the act approved March 17, 1915 (quoted before), is a part of chapter 53 to which express reference is made in the act approved September 22, 1915, in part reproduced above.

(2) The repeal asserted is by implication only of the act of March 17, 1915, and that as effected by a law subsequently enacted by the same Legislature. Consistent with previous adjudications here, it was well said in *City of Birmingham v. Southern Express Co.*, 164 Ala. 529, 538, 539, 51 South. 159, 163: "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions. When a specific subject has been specially provided for by law, it will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject and the special provisions may be included in the general subject and general provisions."

To the same effect is *Parker v. Hubbard*, 64 Ala. 203; *City Council, etc., v. Nat. B. & L. Asso.*, 108 Ala. 336, 18 South. 816; *Lee v. State*, 143 Ala. 93, 39 South. 366. The act approved March 17, 1915, is special, specific in nature and effect. It governs rulings and appeals of a particular class. The later act, approved September 22, 1915, is general in its nature and effect. Its terms, descriptive of the appeals to be effected thereby, are general, and their reference is to a Code chapter that is devoted to the general subject of appeals. The rule of construction above quoted is applicable. The former specific enactment was not modified or repealed, as to the time prescribed in the former statute, by the later enactment. Both have a separate field of operation. The former enactment controls in all cases of the particular classes described in it. The appeal from the decree of November 29, 1915, sustaining the demurrer, was not taken within the 30-day period prescribed by the act of March 17, 1915. There has been no decree finally determining the cause as within the conditional prescription of the last provisions of the act of March 17, 1915. Hence the motion to strike the first assignment of error is due to be, and it is, granted. Whether, as is suggested in the brief for appellee, the complainant's amendment of December 15, 1915, operated to waive his right to appeal from the decree of November 29, 1915, is a question not necessary to be considered, in view of the conclusion we have announced. See 4 Enc. L. & P. pp. 97, 98; *Winn v. Dillard*, 60 Ala. 369; especially, *Homison v. Baird*, 138 Ala. 129, 132, 35 South. 62.

(3, 4) The only assignment of error remaining for consideration is that addressed to the action of the chancellor in sustaining

the demurrer to the bill as amended. "In suits for the specific performance of parol contracts for the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely, and precisely averred, so that the court may not be left to inference, or in uncertainty as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill and the proof produced to establish them more rigidly exacted."—*Allen v. Young*, 88 Ala. 340, 6 South. 747, *Brown v. Weaver*, 113 Ala. 228, 231, 20 South. 964, *Whisenant v. Gordon*, 101 Ala. 250, 13 South. 914, *Westbrook v. Hayes*, 137 Ala. 572, 34 South. 622, among many others.

(5) It is manifest, we think, that the chancellor was correct in his conclusion that the amended bill's averments did not at all measure up to the standard of equity pleading, in bills seeking specific performance of parol contracts, established in this state. Coleman, the owner of the lot and the original vendor in the parol contract with Pepper (complainant-appellant), is not averred to have obliged himself to convey to Horn, to whom Pepper (original vendee in the parol contract with Coleman) subsequently sold the lot. The allegation that he (Coleman) was willing and ready to convey "upon the payment to him of the balance of the purchase money due him," and that Coleman tendered to Horn a deed in consonance with his avowed willingness to do so, is by no means the equivalent of an averment that Coleman had become or was obliged to so convey to Horn upon the happening of the contingency stated. There is no allegation that Coleman had agreed to accept, and hence could be compelled to accept from Pepper or from Horn the indebtedness of Pepper to Coleman, which, according to the averments of the amended bill, was represented by Pepper's note to Coleman falling due and payable some months after this bill was filed. There is no allegation disclosing a contractual obligation assumed by Horn to pay any sum on a definite date, at a stipulated time. There is no allegation that Coleman agreed to receive from Horn a satisfaction of Pepper's indebtedness, in whole or in part, to him (Coleman) whereupon Pepper was, or was to be, discharged; nor can the amended bill's allegations be considered sufficient, under strict, necessary rule of pleading applicable, to show that Horn engaged with Pepper and Coleman to assume and discharge Pepper's indebtedness to Coleman. To generate an inference to that effect is not sufficient in such pleading. According to the indications

from the averments, this seems to be the situation: Pepper has no title to convey. Coleman has the only title that can be conveyed, or that is really involved. Pepper has undertaken to substitute Horn, for a consideration, and by some agreement with Horn, as the purchaser under his parol contract with Coleman. Whether this agreement between Pepper and Horn sought to obligate Pepper to convey to Horn a title he was to get from Coleman, or to obligate Pepper to secure from Coleman a conveyance to Horn direct, are inquiries not definitely, precisely averred, as was the complainant's duty. When the agreement or agreements between these parties is or are efficiently completely averred, the court can then consider the influence or effect established principles should be accorded in determining the rights of the parties.

There was no error in sustaining the demurrer to the amended bill.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.