(97 South. 628)
**HOLMES v. HOLMES. (7 Div. 408.)**

(Supreme Court of Alabama. June 14, 1923. Rehearing Denied Oct. 18, 1923.)

**1. Appeal and error ⬩339(2)—Order denying petition to revoke letters not within statute limiting time for appeal to 30 days; "final order."**

An order denying a petition to revoke letters of administration, on the ground that deceased was an inhabitant of another county at the time of his death, was a final order, within Code, § 2855, as amended, and Acts 1915, p. 711, and Acts 1919, p. 84, and not an order within section 2856, subd. 2, limiting the time of appeal to 30 days.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

**2. Witnesses ⬩158—Statute as to evidence of transactions with decedent does not preclude evidence to fix situs of decedent's estate; "person interested in suit."**

Code 1907, § 4007, providing that no person having a pecuniary interest in the suit shall be permitted to testify against the party of opposing interest as to conversations or transactions with a deceased person, whose estate is interested in the proceeding, has no application to evidence offered by petitioner fixing the situs and existence of decedent's estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Suit or Action).]

**3. Executors and administrators ⬩10—Existence of debtors of decedent in county in which administrator appointed immaterial on question of jurisdiction.**

On petition to revoke letters of administration on the ground that deceased was at the time of his death an inhabitant of another county, evidence that certain debtors of decedent resided in the county in which the appointment was made was immaterial.

Appeal from Probate Court, Clay County; C. S. Phillips, Judge.

Petition of T. J. Holmes to revoke and annul letters of administration granted to A. S. Holmes upon the estate of J. E. Holmes, deceased. From a judgment or decree denying the relief prayed, petitioner appeals. Reversed and remanded.

A. I. Holmes filed a petition in the probate court of Clay county, representing the death of J. E. Holmes, intestate; that deceased was at the time of his death an inhabitant of Clay county; that there was no widow, and that petitioner was the oldest son of deceased and in no way disqualified to act as administrator; and prays the issue of letters of administration to him. Upon this petition the probate court granted letters of administration to said A. I. Holmes.

Thereafter T. J. Holmes filed in the probate court of Clay county a petition to vacate and revoke the order appointing A. I. Holmes as administrator of the estate of J. E. Holmes, deceased, showing in his petition the following: That J. E. Holmes died intestate in Coosa county; that at the time of his death he was a resident and inhabitant of Coosa county; owned and possessed assets in Coosa county, and that said assets are still in Coosa county. It is alleged that the probate court of Clay county is without jurisdiction in the premises; that such let-

ters of administration were procured by fraud.

John A. Darden, of Goodwater, and James J. Mayfield, of Montgomery, for appellant.

Jurisdiction of the estate was in the probate court of Coosa county. Code 1907, § 2519. The issue was the determination of the jurisdiction of the court, not the trial of the right of property; and evidence that D. C. Holmes bought certain property from his father was not offensive to section 4007 of the Code. McCann v. Ellis, 172 Ala. 60, 55 South. 303. The judgment here is governed by section 2855 of the Code, and an appeal may be taken within six months from the rendition thereof. Gartman v. Lightner, 160 Ala. 205, 49 South. 412; May v. Green, 75 Ala. 162; Lehman-Durr Co. v. Robertson, 84 Ala. 489, 4 South. 728; McDaniel v. Whitman, 16 Ala. 343; Bartol v. Calvert, 21 Ala. 42; Hollis v. Caughman, 22 Ala. 478; Field v. Gamble, 47 Ala. 443; Spence v. Parker, 57 Ala. 196.

Riddle & Riddle, of Talladega, for appellee.

Appeals from decrees of the probate court removing or refusing to remove an administrator must be taken within 30 days. Code 1907, § 2856; Mitchell v. Duncan, 94 Ala. 192, 10 South. 331.

THOMAS, J. The submission is on motion to dismiss the appeal, and on the merits. The ground of the motion is that the appeal was not taken within 30 days after the order or decree sought to be reviewed; that said appeal was not taken or perfected within the time required by law. An inspection of the record discloses that the trial was had, and the decree or order entered November 24, 1922. The prayer for appeal was filed January 5, 1923; bond filed and approved as of that date, and the citation of appeal issued May 1, 1923. Such are the only efforts disclosed by the record to perfect the appeal, which is too late. Ouchita National Bank v. Fulton, 195 Ala. 34, 70 South. 722; McGowan v. Milner, 195 Ala. 44, 70 South. 175. An appeal must be prosecuted within the terms of the statute (Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 South. 765; Mitchell v. Duncan, 94 Ala. 192, 10 South. 331; Code 1907, § 2855 et seq.), and, if not so perfected, is subject to be dismissed on proper motion. The general provisions of Acts 1915, p. 711, and Acts 1919, p. 84, held not to change special provisions of the statute. Pepper v. Horn, 197 Ala. 395, 73 South. 46; Bowe v. Pierson, 206 Ala. 250, 89 South. 711; Minge v. Smith, 206 Ala. 330, 89 South. 473.

[1] Was the order or judgment subject to section 2855 of the Code, as amended, or to section 2856 (2), as to the time of taking an appeal? The case of Mitchell v. Duncan, 94 Ala. 192, 10 South. 331, was where the order determined between rival claimants the right to administer an estate; the question here presented is different, being which of the probate courts (Clay or Coosa county) shall administer the estate of decedent. On a rehearing we are of opinion that the judgment or decree against petitioner (appellant) was final, and governed by section 2855 of the Code as amended. The bill of exceptions being duly established and the appeal taken according to law, the several motions of appellee are overruled.

[2] The issues presented by the proceeding were not such as prevented the parties from giving evidence, tending to show the existence of the estate of decedent and the situs thereof. The provisions of section 4007 of the Code had no application to the evidence offered by petitioner and denied by the court. McCann v. Ellis, 172 Ala. 60, 55 South. 303. Reversible error intervened in excluding the evidence of D. C. Holmes to the effect that he bought "the things of his father" in Clay county—the bedstead, trunk, art square, wardrobe, blacksmith tools, etc.—that came to the father "in the division of my mother's (wife of decedent) things," and which the decedent brought to the witness' "house." So the check given by witness to decedent in the purchase of such personalty was competent evidence. It was reversible error to decline to permit the witness to answer the question, "Did you give this check signed by you for the sum of $30 to your father, which is marked paid, for the wardrobe, art square, blacksmith tools and the other things he brought to your house, and which Mr. Riddle asked you about as belonging to your father?" The bill of exceptions recites of this ruling:

"The defendant objected on the same grounds as before and the court sustained the objections, and petitioner reserved then and there an exception. Counsel for the complainant then stated to the court that he expected the answer to show that he did. Counsel then asked the witness this question for the petitioner: 'Was this check delivered to and accepted by your father in full settlement for those things which we have asked you about?' Defendant objected on the same grounds, and the court sustained the objections, and plaintiff reserved an exception. Here counsel for petitioner offered the check, identified by witness D. C. Holmes, in evidence, and the defendant objected on the same grounds, and the court sustained the objections, and plaintiff reserved then and there an exception."

[3] The fact that certain debtors of decedent resided in Clay county was beside the issue. It was error to permit in evidence, over petitioner's objection, the question and answer, "Did any one in Clay county owe your father anything?" "Yes, Ben Harris, J. V. Kelley, and W. S. Machen owed him." So of the failure to exclude this evidence on motion duly made by petitioner,

and to which action of the court exception was duly reserved.

The judgment or decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.