(100 South. 497)

**LUTHER et al. v. LUTHER.　(7 Div. 425.)**

(Supreme Court of Alabama.　April 10, 1924. Rehearing Denied May 29, 1924.)

**1. Appeal and error ☞351(2) — Appeal held taken within time prescribed.**

Where there was verdict in probate court on June 8, 1921, judgment on June 10, 1921, appeal bond filed and approved June 25, 1921, and certificate of appeal filed June 29, 1923, and transcript filed January 27, 1924, appeal was taken within time prescribed by Code 1907, § 2856.

**2. Judges ☞56—Disqualified probate judge must perform ministerial duties.**

That probate judge was disqualified to perform judicial duties in a particular case did not relieve him of the duty to perform ministerial acts, such as keeping records, making and certifying transcripts, etc., under Code 1907, §§ 4626, 5419, 5421, 5439.

**3. Appeal and error ☞627(2)—Appeal held not waived or discontinued.**

Failure to docket cause by filing certificate of appeal or transcript for over two years after appeal was taken, and to file transcript within 60 days after signing bill of exceptions, *held* not to require dismissal of appeal on ground of waiver or discontinuance.

**4. Appeal and error ☞797(2)—Motion to dismiss should be made without undue delay.**

Motion to dismiss appeal should be made without undue delay, and failure to move until after certificate of appeal and transcript were filed was waiver of right.

**5. Appeal and error ☞778—Dismissal discretionary.**

Dismissal of appeal by Supreme Court is discretionary under Code, p. 1517, rule 42.

**6. Appeal and error ☞628(2)—Appellant not prejudiced by failure of probate judge to discharge ministerial duties.**

Appellant will not be prejudiced by failure of probate judge to discharge his ministerial duties with respect to appeal.

**7. Appeal and error ☞668—That bill of exceptions was never properly signed may be shown by parol.**

Where it is not sought to contradict record, but only to show that bill of exceptions was never properly signed, so as to become part of record, this fact may be shown by parol, such as where purported bill of exceptions is not authentic or was not signed by official within his territorial jurisdiction.

**8. Judges ☞30—Judicial officer can only perform judicial acts within territorial limits.**

A judicial officer can only perform judicial acts within territorial limits within which he is authorized to act as such judicial officer.

**9. Appeal and error ☞536—Settlement and signing of bill of exceptions judicial act and must take place within territorial limits of judge's jurisdiction.**

Settlement and signing of a bill of exceptions is a judicial act, and a bill of exceptions not signed within territory where judge has jurisdiction is not properly part of record on appeal.

**10. Judges ☞30 — Judicial acts of probate judge out of county void.**

Territorial limits of jurisdiction of probate judge being coextensive with boundaries of county, such judge must perform all judicial acts within that county or else such acts are absolutely void.

**11. Wills ☞370—Court required to search pleading for sufficient ground of demurrer to ground of contest of will.**

Where record does not show what grounds of demurrer were assigned to a certain ground of contest of will, court is required to search that pleading for proper ground that might sustain the ruling.

**12. Wills ☞186—Fact that writing declared will revoked, instead of revoking in praesenti, immaterial.**

That writing declared will revoked, instead of containing terms revoking in praesenti, is immaterial, in view of Code 1907, §§ 6174, 6175.

**13. Wills ☞290—Burden showing revocation on contestants.**

The burden of showing revocation as provided by laws is on contestants, under Code 1907, § 6174.

On Rehearing.

**14. Wills ☞186—Will held revoked by writing.**

Where testator by positive statement under oath, before attesting witness, stated that former will had "been lost, destroyed, or stolen," and "that said will is void, as a new will has been made since that time," the lost will

---

was revoked, though the subsequent will cannot be found or was not made or executed as required by law.

Appeal from Probate Court, De Kalb County; W. T. Murphree, Special Judge.

Petition of Morrison Luther to probate an instrument as the last will and testament of Gaston C. Luther, deceased, and contest by Abner Luther and others. From a decree for proponent, contestants appeal. Reversed and remanded.

A. E. Hawkins, of Ft. Payne, and Street & Bradford, of Guntersville, for appellants.

The question of dismissal is addressed to the sound discretion of the court. Collier v. Coggins, 103 Ala. 281, 15 South. 578; Acts 1919, p. 85; rule 42, S. C. Prac. Motions to dismiss must be promptly made. Street v. Street, 113 Ala. 333, 21 South. 138; So. Ry. v. Abraham, 161 Ala. 317, 49 South. 801. Appellants are not to be prejudiced by failure of the officers to do their duty. Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241; Martin Co. v. Miller, 132 Ala. 629, 32 South. 305. The certificate of appeal should have been made by the regular probate judge. Code 1907, §§ 4626, 5419, 5439; Hayes v. Collier, 47 Ala. 726. The bill of exceptions was properly presented and signed. Ex parte Nelson, 62 Ala. 376; 4 C. J. 365. The instrument of revocation by the testator was sufficient. Code 1907, § 6174; Gibson v. Nelson, 181 Ill. 122, 54 N. E. 901, 72 Am. St. Rep. 254; O'Brien v. Galagher, 25 Conn. 229; Rosser v. Franklin, 47 Va. 1, 52 Am. Dec. 97; Miller v. McNeill, 35 Pa. 217, 78 Am. Dec. 333; 1 Redf. Wills, § 226; Kaufman v. Caughman, 49 S. C. 159, 27 S. E. 16, 61 Am. St. Rep. 808; Cutler v. Cutler, 130 N. C. 1, 40 S. E. 689, 57 L. R. A. 209, 89 Am. St. Rep. 854.

Orr & Killcrease, of Albertville, Goodhue & Lusk, of Gadsden, and James J. Mayfield, of Montgomery, for appellee.

Failing to file certificate of appeal and transcript within the time required, the appeal should be dismissed. It may be shown by parol that a bill of exceptions was not signed in the territorial jurisdiction of the official signing. L. & N. v. Malone, 116 Ala. 600, 22 South. 897; Ex parte Walker, 149 Ala. 637, 43 South. 130; Baker v. Central Co., 165 Ala. 466, 51 South. 796; Buck Creek Co. v. Nelson, 188 Ala. 243, 66 South. 476. Determining the correctness of a bill of exceptions is a judicial act, and may not be performed outside the jurisdiction of the officer. 4 C. J. 247, 365; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Edinburg Co. v. Peoples, 102 Ala. 241, 14 South. 656; State v. Tally, 102 Ala. 25, 15 South. 722. Under the doctrine of dependent relative revocation, it was necessary that the ground of contest show the new will was executed and in a manner to make it valid. 28 R. C. L. 182; 40 Cyc. 1188; Strong's Appeal, 79 Conn. 123, 63 Atl. 1089, 6 L. R. A. (N. S.) 1107, 118 Am. St. Rep. 138; Dunham v. Averill, 45 Conn. 61, 29 Am. Rep. 642; Thompson's Appeal, 114 Me. 338, 96 Atl. 238; Rudy v. Ulrich, 69 Pa. 177, 8 Am. Rep. 238; Penniman's Will, 20 Minn. 245, 18 Am. Rep. 368.

THOMAS, J. Appellee made a motion to dismiss the appeal on grounds, in substance: (1) That a discontinuance occurred in this court by reason of the failure to docket said cause therein by filing a certificate of appeal or transcript for a period of over two years after the appeal was taken; and (2) that the failure to file the transcript within 60 days after the signing of the bill of exceptions authorized this court to dismiss the appeal, unless good cause was shown why the transcript had not been filed.

[1] It appears that there was jury and verdict on June 8, 1921, that the judgment thereon and that appealed from was rendered June 10, 1921 (Lewis v. Martin, 210 Ala. 401, 98 South. 635), that appeal bond was filed and approved June 25, 1921, that certificate of appeal was filed in this court June 29, 1923, and transcript filed January 7, 1924. The appeal was taken within the time prescribed by law. Code 1907, § 2856; Holmes v. Holmes, 210 Ala. 227, 97 South. 628; Pepper v. Horn, 197 Ala. 395, 73 South. 46; Minge v. Smith, 206 Ala. 330, 89 South. 473; Bowe v. Pierson, 206 Ala. 250, 89 South. 711. Thereafter, was the appeal abandoned or discontinued?

The statutes (Gen. Acts 1919, p. 85; Code 1907, §§ 2855, 2856) as to taking appeals and proceedings in this court were recently considered in Holmes v. Holmes, 210 Ala. 227, 97 South. 628, and Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363.

[2] There is a well-recognized distinction between judicial and ministerial duties. The probate judge was disqualified only to discharge or perform judicial duties, in the instant probate and contest thereof. It continued to be his duty, as the probate judge of the county, to perform all merely ministerial acts, such as keeping the records, making transcripts, certifying thereto, etc. Code 1907, §§ 4626, 5419, 5421, 5439; Hayes v. Collier, 47 Ala. 726.

The reasons for the rule do not apply to ministerial acts, and it would be useless, impracticable, and inconvenient to require a special probate judge to perform all the ministerial duties arising in the case in which he is appointed.

[3-6] We have carefully examined the evidence in support of and against the motion, and are of opinion that there was no waiver or discontinuance of the appeal under the facts of this case. Moreover, the delay of appellee in making his motion to dismiss the

appeal is a waiver of the right to dismiss. If appellant could have gotten a certificate of appeal so could appellee, yet he did not do so until after a proper certificate of appeal and the transcript were both filed. The motion to dismiss the appeal should have been made without undue delay (Street v. Street, 113 Ala. 333, 21 South. 138), which was not done by appellee. Generally, the question of dismissal is addressed to the sound discretion of this court. Rule 42, p. 1517 of Code; Collier v. Coggins, 103 Ala. 281, 15 South. 578; Jacobs v. Goodwater Graphite Co., supra; Martin Machine Works v. Miller, 132 Ala. 629, 32 South. 305. This appellant will not be prejudiced by the failure of the probate judge to discharge his ministerial duties. Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241; Martin Machine Works v. Miller, supra. We deny the motion to dismiss the appeal under the facts shown by the affidavits.

The motion was to strike the bill of exceptions for the reason that it was presented to Special Judge Murphree at Gadsden, and that he at that place indorsed the fact of presentation and signed the same as the bill of exceptions, as the judge presiding at the trial as special probate judge. No other bill of exceptions was ever presented to or signed by him. The bill of exceptions was not established in this court or by a justice thereof, as provided by law when such presiding judge has not signed the same, etc. Code, §§ 3021, 3022; Meade v. Meade, 210 Ala. 547, 98 South. 812; Cent. of Ga. v. Robins, 209 Ala. 6, 95 South. 367.

[7-9] Where it is not sought to contradict the recitals of record, but the effort is only to show that a bill of exceptions was never properly signed so as to become a part of the record, it has been uniformly held that this fact may be shown by parol; that a purported bill of exceptions is not authentic, or was not signed by the official within his territorial jurisdiction. Mauney v. Electric Construction Co., 210 Ala. 554, 98 South. 874; L. & N. R. R. Co. v. Malone, 116 Ala. 600, 22 South. 897; Ex parte Walker, 149 Ala. 637, 43 South. 130; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Baker v. Central of Ga. Ry. Co., 165 Ala. 466, 51 South. 796; Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 66 South. 476; Ex parte City Bank & Trust Co., 200 Ala. 440, 76 South. 372. And it has been held that a judicial officer can only perform judicial acts within the territorial limits within which he is authorized to act as such judicial officer; and in the case of a circuit judge, his jurisdiction is coextensive with the state. Ex parte Nelson & Kelly, 62 Ala. 376 (bill of exceptions); 4 C. J. p. 365. The settlement and signing of a bill of exceptions—that is, "determining the correctness of the bill of exceptions"—is a judicial act, or "in nature a judicial question." Hughes v. Albertville Merc. Co., 173 Ala. 559, 563,

56 South. 120; Brue v. McMillan, 175 Ala. 416, 419, 57 South. 486. See, also, 4 C. J. pp. 247, 251.

[10] The territorial limits of the jurisdiction of a probate judge being coextensive with the boundaries of such county, such judge must perform all judicial acts within that county, or else such acts are absolutely void. Qualls v. Qualls, 196 Ala. 524, 72 South. 76; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Hagan Bros. v. Beaty, 201 Ala. 678, 79 South. 250; Edinburgh Co. v. Peoples, 102 Ala. 241, 14 South. 656; State ex. rel. Atty. Gen. v. Tally, Judge, etc., 102 Ala. 25, 15 South. 722; Brue v. McMillan, 175 Ala. 416, 57 South. 486.

The Rainey-Ridgeway Case, above cited, is similar to the case at bar. In that case by agreement a will contest had been heard by a special judge of probate in the probate court of Tallapoosa county. This special judge of probate made an order granting an extension of time for the signing of the bill of exceptions. This order being made or entered beyond the limits of Tallapoosa county, this court held that the bill of exceptions be stricken, for the reason that the judicial power and function of a probate judge is confined within the territorial limits of the county in which he is elected. The order granting the extension of time for signing the bill of exceptions was, under the law, within his discretion, and being an official act involving judicial discretion, was a judicial act; and having been made without the territorial limits of the official jurisdiction of such official, was a nullity. It follows that the instant bill of exceptions be stricken because it never became a part of the record in the case—and the motion to that end is granted.

The matters presented by the appeal, and seeking to review matters and rulings shown by the record proper, are assignments of error challenging ruling in sustaining demurrer to the ground of contest contained in plea No. 7. The record shows that (on January 3, 1921) contestants filed grounds of contest numbered one to seven, inclusive, and that the special judge sustained demurrer to the last ground. It was in the following language:

"7. Contestants specially plead further that said alleged will should not be probated for that subsequent to the execution of said alleged will the said Gaston Luther did revoke said alleged will by a writing described by the testator and attested by two witnesses in whose presence the said Gaston Luther signed said writing and who in the presence of said Gaston Luther and in the presence of each other signed said writing as attesting witnesses."

The record further shows that on the same day contestants filed grounds of contest num-

bered 6 and 7. The latter was in the following words:

"Contestants specially plead further why said alleged will and testament propounded by said Morrison Luther should not be probated, that subsequent to the alleged execution of said alleged will and testament, said Gaston C. Luther did execute a writing in the presence of two witnesses, that said Gaston C. Luther did sign said writing in the presence of said witnesses, and that said witnesses did sign their names as witnesses to said writing in · the presence of said Gaston C. Luther and in the presence of each other and in said writing, a true copy of which is hereto attached as a part hereof, the said Gaston C. Luther made the following declaration. 'That said will (meaning the will offered for probate) is void as a new will has been made since that time.' And that said declaration was made by said Gaston C. Luther with the intention on his part of revoking said alleged will propounded by said Morrison Luther for probate.

"A. E. Hawkins,
"Street & Bradford,
"Attys. for contestant.

"Filed Jan. 3, 1921. W. W. Haralson Special Judge of Probate Before me, C. D. King, a notary public, personally comes G. C. Luther, who being first duly sworn deposes and says that during the month of June or July, 1920, he made a will which has been lost, destroyed or stolen. Said will was witnessed by Jim Israel, R. Y. Williams and Dr. Lee Weathington; that said will is void, as new will has been made since that time.

"G. C. $\overset{his}{\underset{mark}{X}}$ Luther.

"Witness: C. D. King. C. T. Justice. J. Thos. Gaines, M. D.

"Subscribed and sworn to before me this 4th day of September, 1920.

"C. D. King, Notary Public."

The transcript contains that ruling, as follows:

" * * * Contestants confess said demurrers to said pleas No. 4 and No. 5. It is therefore ordered and adjudged that said demurrers be, and the same are hereby sustained, whereupon contestants file grounds of contest No. 6 and No. 7, and proponents file demurrers to said grounds No. 6 and No. 7. Upon consideration of said demurrers it is ordered and adjudged by the court that the demurrer to the grounds of contest No. 6 be and the same are hereby overruled, and that the demurrers to the grounds No. 7 of the contest be and the same are hereby sustained; whereupon the proponent files his replications to said grounds of contest Nos. 1 to 9, said replications being filed this day."

[11, 12] The replications described in the judgment entry as being filed "this day" were dated January 3, 1921. The record proper makes plain that the demurrer in question was directed to ground No. 7, and that the demurrer was sustained. The record does not show, however, what grounds of demurrer were assigned to said ground No. 7. In such condition of the record as to · grounds of demurrer directed to said ground No. 7 and sustained, we are required to search that pleading for a proper ground that might sustain the ruling, if such ground exist. Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 South. 880. That pleading showed · a purpose of testator (affiant), G. C. Luther, to revoke the will made by him during the month of June or July, 1920, which was witnessed by Jim Israel, R. Y. Williams, and Dr. Lee Weathington, and which was lost, destroyed, or stolen. Its further averments were that said declaration, under oath, was made by testator (affiant) "with the intention on his part of revoking said alleged will propounded by said Morrison Luther for probate," and "meaning the will offered for probate." The fact that it thus declared the will revoked, instead of terms revoking in præsenti, is immaterial. The language of the statute (Code 1907, § 6174) is:

"Except in the cases provided in the preceding article, a will in writing can only be revoked by burning, tearing, canceling, or obliterating the same, with the intention of revoking it, by the testator himself, or by some person in his presence, and by his direction, or by some other will in writing, or some other writing subscribed by the testator, and attested as prescribed in the first section of this article; and when any will is burned, torn, canceled, or obliterated by any other person than the testator, his direction and consent thereto, and the fact of such burning, canceling, tearing, or obliteration, must be proved by at least two witnesses."

See Bruce v. Sierra, 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125.

[13] The burden of showing revocation as provided by law was on contestants, and was sought to be set up by the instant pleading to which demurrer was sustained. Hodge v. Joy, 207 Ala. 198, 92 South. 171; Allen v. Scruggs, 190 Ala. 654, 67 South. 301. The words of the statute (Code 1907, § 6174), "or some other writing," are comprehensive; and the sustaining of demurrer restricted the meaning of those words, it being sufficient if the writing was in form and executed as required by statute. This effect of the statute is further emphasized in section 6175 of the Code, providing how a former will may be revived by revocation by the making of "any subsequent will or writing," evidencing, by "the terms of such revocation, that it was the intention of the testator to revive and give effect to the first will," etc.

The decree of the probate court is reversed, and the cause is remanded, for sustaining demurrer to ground No. 7. Bruce v.

Sierra, 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

## On Rehearing.

THOMAS, J. [14] We did not deem it necessary to discuss the general authorities on the doctrine of dependent relative revocation of wills, for the reason that the statutes adverted to in the opinion are the rule obtaining in this jurisdiction. Where the doctrine is given application, it is of a presumed intention (McIntyre v. McIntyre, 120 Ga. 67, 47 S. E. 501, 102 Am. St. Rep. 71, 1 Ann. Cas. 606, the theory being that the original disposition would not have been revoked unless the new will was given effect. (38 L. R. A. [N. S.] 802; 28 R. C. L. p. 182, § 141). No such presumption can be indulged against the alleged testator in the face of his positive statement under oath and before the attesting witnesses that the former will had "been lost, destroyed or stolen," and *"that said will is void, as a new will has been made since that time."* (Italics ours.) The revocation was accomplished as provided by statute (Code 1907, § 6174), by the "other writing subscribed by the testator," which was sought to be set up in the last pleading No. 7, to which demurrer was sustained. The cause of the revocation of the former will was that it had "been lost, destroyed or stolen"; its revocation was accomplished in due and statutory .form by affiant's (G. C. Luther) writing stating that "said will is void." This revocation was not a dependent relative revocation, and was not taken from under the statute by the further statement of one of the reasons for the act, "as a new will has been made since that time." The intentional and formal compliance with the terms of the statute for revocation was sufficient. The fact that the subsequent will was not found (or, as for that, not made or executed as required by law) and produced after the death of the testator (an act of a third person) did not authorize a disregard of his expressed intention of revocation and of his statutory compliance as to such revocation.

In the absence of the recited second will, we cannot know whether in fact the subsequent will was executed, or, if so, whether it was duly executed. To hold that the statute was not complied with in the instant case, without the production of the subsequent will, would put it in the power of a third person to defeat the formal declared intent of revocation of the "lost, destroyed or stolen will." It is sufficient that the statutory requirements of revocation were ac-

complished by Mr. Luther during life, whatever may have been his reasons therefor. And after his death the doctrine of dependent relative revocation cannot set up for him a will he had revoked pursuant to the statute, and defeat his revocation because of the failure of third persons to produce the subsequent will in question.

The application is overruled.

All the Justices concur.