(130 So. 312)

### NATIONAL FIRE INS. CO. v. PEARSON.

6 Div. 749.

Court of Appeals of Alabama.

Oct. 7, 1930.

Foster, Rice & Foster, of Tuscaloosa, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellee.

SAMFORD, J.

The final judgment on defendant's motion for new trial in the circuit court was entered September 23, 1928. From this judgment an appeal could be taken to this court within six months from the date of judgment and shown by a compliance with section 6101 of the Code of 1923, i. e.: (b) By giving security for the costs of appeal. (c) By giving and having approved a supersedeas bond. So far as this record discloses, no such compliance with the above statute was had by appellant, except as is shown by a motion made by it in the circuit court May 17, 1929, to be allowed to substitute an alleged supersedeas bond claimed to have been filed by it in the cause October 10, 1928, and an order granted by said circuit court on May 25, 1929, granting defendant's petition and allowing the filing of a substituted bond dated October 10, 1928. The certificate of the clerk recites that the appeal was taken on the 30th day of May, 1929. On the hearing of the motion to substitute the supersedeas bond, defendant offered an affidavit of its attorney to the effect that according to his recollection, "On October 8, 1928 he had appeal bonds in this case executed for twice the amount of the judgment and costs and mailed to the clerk of the circuit court at Tuscaloosa, Ala."; that these bonds were mailed without letter "or other record of same being made in his office. This witness testified orally that:' In his best recollection the bond was mailed, but as to this he cannot state positively." The clerk testified that: "He had no recollection that the bonds were ever received." The assistants in the clerk's office also testified that they had no recollection that the bond had been received, and one of the assistants testified that no citation of appeal was issued. "That whenever appeal bonds are received in office, immediately after marking them filed, they placed the bonds in the safe, in a particular place. That she looked through all the appeal bonds several

times and the bond in this case was not there."

Even if it be conceded that the appellant's counsel executed and mailed a supersedeas bond in this case, addressed to the clerk of the circuit court of Tuscaloosa county, such mailing was not a delivery of the bond to the clerk in contemplation of the filing statutes of the state. Even if it may be said that the mailing of the bond in Birmingham addressed to the clerk at Tuscaloosa was some evidence from which it might be inferred that it was received by the clerk in his office, there is no evidence in this record that the clerk ever approved such bond, nor, for that matter, is there evidence that the bond was of such character and solvency as that the clerk could or would have approved it if he had received it. The statute requires that the bond be given and approved and conditioned as required by law. Code, § 6101. As we see and read the evidence, there is nothing here to warrant the court in holding that a supersedeas bond in this case was executed, delivered to, and approved by the clerk of the circuit court of Tuscaloosa county within six months from the rendition of judgment on the motion for a new trial. The question presented on this motion is: Was there a sufficient supersedeas bond given and approved by the clerk of the circuit court of Tuscaloosa county in this case, within six months from the date of the judgment for a new trial? There is no such evidence in this record as would justify us in holding that an appeal bond was so executed, approved, and filed.

The motion of appellee to dismiss the appeal must be granted. Holmes v. Holmes, 210 Ala. 227, 97 So. 628.

Appeal dismissed.