2 So.2d 916

### DENSON v. CROSSLEY.

6 Div. 803.

Supreme Court of Alabama.

June 5, 1941.

Rehearing Denied June 30, 1941.

Wm. Dowdell Denson, of Birmingham, for appellant.

Aird & Fox, of Birmingham, for appellee.

BROWN, Justice.

The appellant on petition in writing filed March 3, 1939, addressed to the Probate Judge of Jefferson County, procured his appointment as the administrator of the

446

estate of Clarence Crawley,—C-r-a-w-l-e-y, —and as such administrator sued the Seaboard Airline Railroad Company for wrongfully causing the death of said Crawley. ·

Thereafter,. on the 6th day of April, 1939, appellee, Annie Crossley, alleging that she was the widow of Clarence Crossley, —C-r-o-s-s-l-e-y,—deceased, procured herself to be appointed the administratrix of the estate of said Clarence Crossley, deceased, and sued the said railroad company for wrongfully causing his death. Thereupon in an effort to settle the last suit it was made known to said Annie Crossley that the other suit was pending and that the two actions were in respect to the same incident.

Thereupon the appellee filed a petition in the Probate Court to revoke the letters of administration issued to appellant, and after notice and hearing on documentary evidence and testimony given ore tenus, the Probate Court entered a decree revoking and annulling the letters of administration issued to appellant. From that decree appellant prosecuted an appeal to the Circuit Court on the record supplemented by a bill of exceptions. Code 1923, § 6114, Code 1940, Tit. 7, § 775; Truett v. Woodham, 98 Ala. 604, 13 So. 519. The Circuit Court affirmed the decree of the Probate Court, and from the judgment of affirmance, this appeal is prosecuted. Code 1923, § 6116, Code 1940, Tit. 7, § 777; Ex parte Sumlin, 204 Ala. 376, 85 So. 810.

The great proponderance of the evidence supports the conclusion of facts stated in the decree of the Probate Court that the name of said decedent was Clarence Crossley; that he had never adopted or used the name of Crawley, and there was no such estate subject to administration.

The petition, therefore, filed by appellant, was inefficacious to invoke the jurisdiction of the Probate Court to grant letters of administration on the estate of said decedent. Milbra v. Sloss-S. S. & I. Co., 182 Ala. 622, 62 So. 176, 46 L.R.A.,N.S., 274.

The record and proceedings appear to be free of reversible errors, and the judgment of the Circuit Court is due to be affirmed.

It is so ordered by the court.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.