17 So.2d 405

### FRANKLIN v. BOGUE.

#### 6 Div. 147.

Supreme Court of Alabama.

Jan. 13, 1944.

Rehearing Denied March 23, 1944.

382

Ingram Beasley, of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellee.

THOMAS, Justice:

The question for decision arose in an effort to probate a will which was denied in the probate court and appealed to the circuit court and hence to this court.

The right of such appeal is provided for in Code 1940, Tit. 7, § 776. The appellate jurisdiction of the circuit court on appeal from the probate court is revisory. It can only affirm or reverse the decree rendered in the probate court. In such proceedings it has no jurisdiction to probate a will. Wachter v. Davis et al., 215 Ala. 659, 111 So. 917; Kaplan v. Coleman, 180 Ala. 267, 60 So. 885; Denson v. Crossley, 241 Ala. 445, 2 So.2d 916; Ex parte Sumlin, 204 Ala. 376, 85 So. 810; McKnight v. Pate, 214 Ala. 163, 106 So. 691; Massey v. Reynolds, 213 Ala. 178, 104 So. 494; Allen v. Pugh, 206 Ala. 10, 89 So. 470.

The cause was submitted to the probate court upon an agreed statement of facts, which appears in the transcript before this court. On appeal before the circuit court no evidence was submitted and there was no bill of exceptions. The agreed statement of facts is as follows:

"Comes now the parties in the trial of this cause upon a contest of the Will or purported Will of C. B. Franklin, Deceased, and do agree and stipulate the facts in said cause to be as follows:

"C. B. Franklin a resident of the County of Jefferson and State of Alabama died about the 18th day of August, 1940 leaving assets. That at the time of his said death he left surviving him no children or direct decendants, but did leave surviving him as his legal heirs Contestant, G. W. Franklin, a brother and one sister and children of a deceased brother. That the Proponent of the purported last will, Herbert Bogue, was a foster son of the deceased and was reared by the deceased and had lived with the deceased and his wife from early childhood, his wife having predeceased him.

"It is admitted and agreed that the deceased did execute the papers purported to be his last will and testament and that the same was legally sufficient to constitute his will, same being now offered for probate.

"It is further agreed that the deceased, did, before his death, write upon each of said purported will or purported wills consisting of three separate sheets of paper the following words 'Annulled, Void see will of date of 10/24/39' as same appears on said will or wills or sheets of paper and that he wrote said words with the legal intention of revoking said will or wills.

"That on the 24th day of November 1939 the said C. B. Franklin did execute jointly with his wife Della Franklin another paper *attempting to make testamentary disposition* of his and *or* her property, which said papers *is* hereby referred to but which was not properly witnessed but was subscribed and sworn to before a Notary Public and same was not witnessed by two subscribing witnesses. Said papers are on file in this Court.

"It is further agreed that the writing hereinbefore referred to and which appears upon each of the three papers offered for probate as the last will and testament of the said C. B. Franklin were written thereon by the said C. B. Franklin in his own handwriting and that same was done on the part of the said C. B. Franklin with intention at the time of such writing to revoke said will.

"While it is agreed that the foregoing statement as to the intention of the said C. B. Franklin to revoke said will is true the Proponent does not admit that such evidence of intention is admissible as legal evidence for the reason that the writing on said papers *do* not constitute a legal revocation of said will or a cancellation thereof.

"It is agreed that this cause be submitted upon the papers filed in said cause, this stipulation of fact and the contest and demurrers filed thereto and the proponent does not waive his demurrers to said contest but insists thereon."

There are many cases in this jurisdiction stating the rules of testamentary disposition of property of a deceased testator holding that the intention of such testator, if legal, is the law of the instrument. Ralls v. Johnson, 200 Ala. 178, 75 So. 926.

The statute providing for revocation of a will is Code 1940, Tit. 61, § 26, which comes to us unchanged from the Code of 1852, § 1613.

It is established in this jurisdiction that a will may be revoked by cancellation or obliteration, and the words "annulled" and "void", written on the face of the will in the handwriting of the testator, with intention at the time of writing the same to revoke the will, is a sufficient revocation under Code 1940, Tit. 61, § 26. Law v. Law, 83 Ala. 432, 3 So. 752; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Luther v. Luther, 211 Ala. 352, 100 So. 497; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427; Warner v. Warner's Estate, 37 Vt. 356; Billington v. Jones, 108 Tenn. 234, 66 S.W. 1127, 56 L.R.A. 654, 91 Am.St. Rep. 751; Evans' Appeal, 58 Pa. 238; Noesen v. Erkenswick, 298 Ill. 231, 131 N. E. 622.

It has been declared by this court in Vaughn v. Vaughn, supra [217 Ala. 364, 116 So. 429]:

"* * * If testatrix was influenced to destroy her will, and such was her intention by the means employed in its destruction, 'mere influence' is not sufficient to prevent the effect of revocation by its destruction, if intentionally done in the manner provided by the statute, Code of 1907, § 6174 [Code 1940, Tit. 61, § 26]; Luther v. Luther, 211 Ala. [352], 356, 100 So. 497. The demonstrable facts of that intention to revoke are specifically indicated by the statute, and for the reason that revocation is an act of the mind which must be 'demonstrated by some outward and visible sign.' Law v. Law, 83 Ala. [432], 434, 3 So. 752; Allen v. Scruggs, 190 Ala. 654, 673, 67 So. 301.· * * *"

In Luther v. Luther, 211 Ala. 352, 100 So. 497, 500, it was declared:

"* * * The cause of the revocation of the former will was that it had 'been lost, destroyed or stolen'; its revocation was accomplished in due and statutory form by affiant's (G. C. Luther) writing stating that 'said will is void.' This revocation was not a dependent relative revocation, and was not taken from under the statute by the further statement of one of the reasons for the act, 'as a new will has been made since that time.' The intention and formal compliance with the terms of the statute for revocation was sufficient. The fact that the subsequent will was not found (or, as for that, not made or executed as required by law) and produced after the death of the testator (an act of a third

person) did not authorize a disregard of his expressed intention of revocation and of his statutory compliance as to such revocation."

We have carefully considered the "opinion" of the probate judge and the authorities he cited and are in accord with the view expressed therein. It follows that reversible error intervened on the trial in the circuit court, and the judgment of said court is reversed and the cause is remanded for order pursuant to the foregoing opinion.

Reversed and remanded.

All the Justices concur.